## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**THYRON CAUGHLIN**                                                                 **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 1:25-CV-00354-BWR**

**GREAT WEST CASUALTY COMPANY**                                          **DEFENDANT**

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

BEFORE THE COURT is the Motion [12] to Dismiss filed by Defendant Great West Casualty Company. Defendants' Motion [12] asserts that Plaintiff Thyron Caughlin is not entitled to stack the underinsured motorist coverage limits of his employer's commercial insurance policy and that any amount he may have been entitled to recover has been offset by his settlement with the tortfeasor's insurer.

After due consideration of Defendant's Motion [12] and supporting Memorandum [13], Plaintiff's Memorandum [14] in Opposition, Defendant's Reply [15], and Plaintiff's Complaint [1-1], the Court finds that Defendant's Motion [12] to Dismiss should be granted and that Plaintiff's claims against Defendant should be dismissed with prejudice.

### I. BACKGROUND

On June 27, 2024, Plaintiff was involved in a vehicle collision with Frances Marie Eden, a third party, while operating a truck owned by Plaintiff's employer, Rome's Recycling LLC. Compl. [1-1] at 3. Prior to filing suit, Plaintiff resolved his claims against Ms. Eden and her insurer. *Id.*

1

Defendant issued a policy of insurance providing, *inter alia*, Commercial Auto Coverage – Motor Carrier and Commercial General Liability Coverage, listing Rome's Cores Inc. d/b/a Rome's Recycling LLC as the Named Insured, Policy No. GRT13504A, with a policy period of December 12, 2023 – December 12, 2024 (hereafter the "Policy"). Mem. Ex. 2, Policy [13-2] at 5. Relevant to this Motion, the Policy includes an Endorsement entitled "Mississippi Uninsured Motorists Coverage Bodily Injury and Property Damage – Stacked", listing "Rome's Recycling LLC" as the Named Insured (hereafter the "Uninsured Motorist Coverage Endorsement"). *Id.* at 15. The Uninsured Motorist Coverage Endorsement includes a Limit of Insurance of $100,000 for each "Accident." *Id.*

The Complaint alleges Defendant denied Plaintiff's request to recover uninsured and/or underinsured motorist coverage under the Policy. Compl. [1-1] at 3-4. Defendant removed this matter on November 21, 2025, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal [1] at 1.

Defendant filed the instant Motion [12] to Dismiss arguing that Plaintiff is not entitled to stack underinsured limits under the Policy because he is a Class II insured. Mot. Dismiss [12] at 1. Defendant also asserts that any amount Plaintiff may be entitled to "is completely offset by the recovery he obtained from the tortfeasor" after he settled with Ms. Eden for her full liability policy limit of $100,000. *Id.*; Mem. [13] at 1.

Plaintiff responded that the Motion to Dismiss fails to challenge the sufficiency of Plaintiff's Complaint. Opp'n Mem. [14] at 3-4. Plaintiff contends this renders the

Motion to Dismiss procedurally improper under Federal Rule of Civil Procedure 12(b)(6). *Id.* Plaintiff argues the "Named Insured" of the Policy is "ambiguous and cannot be identified," thus "the Class I versus Class II distinction cannot be determined and applied to [Plaintiff]" rendering the stacking provision inapplicable. *Id.* at 5. Plaintiff contends the Policy is ambiguous and should be construed in his favor because the Named Insured alternates between "Rome's Cores, Inc. d/b/a Rome's Recycling, LLC and Rome's Recycling LLC" in the Policy. *Id.* at 8.

Defendant replied that its Motion is procedurally proper. Reply Mem. [15-1] at 1-2. Defendant argues the Policy is unambiguous because it is undisputed that Plaintiff's employer, Rome's Recycling, LLC, is a Named Insured under the Policy, referenced throughout the Policy as either "Rome's Recycling LLC" or "Rome's Cores Inc. d/b/a Rome's Recycling LLC." *Id.* at 3. Defendant states that even assuming the references did create an ambiguity, any such ambiguity would be resolved "in favor of insuring Rome's Recycling, LLC." *Id.* at 3. Finally, Defendant maintains there is no ambiguity regarding the Policy's stacking or anti-stacking provisions, Plaintiff is not entitled to stack the limits of all autos, and that Policy provision D.2 reduces any available coverage to zero after the offset of Plaintiff's settlement with Ms. Eden. *Id.* at 3-4.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). To overcome a Rule 12(b)(6) motion to dismiss and satisfy Rule

8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

A court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff," but it need not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (internal citation and quotations omitted). "To be subject to dismissal under Rule 12(b)(6), a complaint must show on its face that plaintiff is entitled to no relief." *Eott Energy Pipeline Ltd. P'ship v. Hattiesburg Speedway, Inc.*, 303 F. Supp. 2d 819, 821 (S.D. Miss. 2004) (citation omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the court "may consider the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Doe v. United States*, 853 F.3d 792, 800 (5th Cir. 2017), *as revised* (Apr. 12, 2017) (quotations omitted).

Since this Court has diversity jurisdiction, it is "*Erie* bound, *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 (1938), to follow decisions of the Mississippi Supreme and

Appellate Courts." *Rainwater v. Lamar Life Ins. Co.*, 207 F. Supp. 2d 561, 565-66 (S.D. Miss. 2002), *amended,* 246 F. Supp. 2d 546 (S.D. Miss. 2003), *appeal dismissed and remanded,* 391 F.3d 636 (5th Cir. 2004).

> If these Courts have not spoken on an issue, and the Fifth Circuit has spoken on that issue, this Court is bound to follow the Fifth Circuit's interpretation of Mississippi law. If neither the Mississippi Courts nor the Fifth Circuit have spoken on an issue, then this Court is required to make an *Erie* guess, not as to what this Court, or some other federal court would do, but as to what the Mississippi Supreme Court would do if presented with these same issues. *Jackson v. Johns-Manville Sales Corp.,* 781 F.2d 394, 397 (5th Cir.) (en banc), *cert. denied,* 478 U.S. 1022, 106 (1986) ("[The Court] emphatically [is] not permitted to do merely what we think best; we must do that which we think the Mississippi Supreme Court would deem best.").

*Id.*

## III. ANALYSIS

A.     <u>Defendant's Motion to Dismiss is Properly Before the Court</u>

Under Federal Rule of Civil Procedure 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the [12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).

"Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted). "In so attaching, the defendant merely assists the plaintiff

in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins*, 224 F.3d at 499.

Defendant attached the Policy to its Memorandum Brief in Support of the Motion to Dismiss. Mem. Ex. 2, Policy [13-2]. Plaintiff refers to the Policy, including the policy number, in his Complaint. State Court R. [2] at 4. Plaintiff seeks coverage under the Policy attached to Defendants' Memorandum Brief. The Policy is central to Plaintiff's claim and considered part of the pleadings. Thus, Defendant's Motion to Dismiss and its accompanying Memorandum in Support are properly before this Court.[1]

B.     The Policy is Unambiguous and Rome's Recycling LLC is the Named Insured

The interpretation of an insurance policy is a question of law. *Lewis v. Allstate Ins. Co.*, 730 So. 2d 65, 68 (Miss. 1998). Likewise, "[t]he initial question of whether the contract is ambiguous is a matter of law[.]" *Phillips v. Enter. Transp. Serv. Co.*, 988 So. 2d 418, 421 (Miss. Ct. App. 2008). "Generally, under Mississippi law, when the words of an insurance policy are plain and unambiguous, the court will afford them their plain, ordinary meaning and will apply them as written." *Lewis*, 730 So. 2d at 68. "The fact that parties may disagree over the meaning of a contractual term does not, by itself, render that term ambiguous." *Phillips*, 988 So. 2d at 421. "An ambiguity is defined as a susceptibility to two reasonable interpretations." *Dalton v.*

---

[1] Defendant also attached an email regarding the Policy as Ex. 1 to its Memorandum. The Court excludes this email from its consideration of the Motion to Dismiss. The email is not referenced in Plaintiff's Complaint.

*Cellular S., Inc.*, 20 So. 3d 1227, 1232 (Miss. 2009) (internal citation and quotations omitted).

"Under Mississippi law, ambiguous and unclear policy language must be resolved in favor of the insured. Further, provisions that limit or exclude coverage are to be construed liberally in favor of the insured and most strongly against the insurer." *Lewis*, 730 So. 2d at 68 (citations omitted).

Plaintiff contends ambiguity exists based on references to the Named Insured in the Policy, stating that on different pages of the Policy, the Named Insured alternates between "Rome's Cores, Inc. d/b/a Rome's Recycling, LLC", and "Rome's Recycling, LLC." Opp'n Mem. [14] at 5-8.

The Policy's Commercial Auto Coverage Part Motor Carrier Coverage Form Declarations lists Rome's Recycling LLC as the Named Insured. Mem. Ex. 2, Policy [13-2] at 10. Further, the Uninsured Motorist Coverage Endorsement, which includes the coverage provisions at issue, lists Rome's Recycling LLC as the Named Insured. *Id.* at 15. Thus, no ambiguity exists as to whether Rome's Recycling LLC is a Named Insured under the Policy or the Uninsured Motorist Coverage Endorsement.

Section B of the Policy's Uninsured Motorist Coverage Endorsement describes "Who is an Insured" under the Endorsement, and provides, in relevant part, as follows:

**B.    WHO IS AN INSURED**

If the Named Insured is designated in the Declarations as:

**1.**    An individual, then the following are "insureds":

**a.** The Named Insured and any "family members".

. . .

**2.** A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

. . .

**c.** Any person who uses a covered "auto" with the Named Insured's expressed or implied consent.

. . .

Mem. Ex. 2, Policy [13-2] at 15.

Section B.1. provides who is an "insured" "if the Named Insured is designated in the Declarations as . . . [a]n individual." *Id*. Neither Rome's Recycling, LLC nor Rome's Cores, Inc. is an "individual." Further, neither Plaintiff, nor any other individual, is listed as a Named Insured in the Policy. Thus, Section B.1 is inapplicable.

Section B.2. provides who is an "insured" "if the Named Insured is designated in the Declarations as . . . [a] partnership, limited liability company, corporation or any other form of organization . . . ." *Id*. at 16. Rome's Recycling LLC, the Named Insured on the Uninsured Motorist Coverage Endorsement, is a limited liability company; thus Section B.2. is applicable and defines who is an "insured" under the Endorsement. Section B.2. provides that "the following are 'insureds': . . . c. Any person who uses a covered 'auto' with the Named Insured's expressed or implied consent." *Id*. It is undisputed that "Rome's Recycling, LLC was the owner of the Mack truck being driven by [Plaintiff]" at the time of the collision. Compl. [1-1] at 2. The Policy provided uninsured and/or underinsured motorist coverage for the 2007 Mack

truck Plaintiff was driving at the time of the accident; thus, it is a "covered auto."

Mem. Ex. 2, Policy [13-2] at 8. It is undisputed that Plaintiff was driving the covered

auto with the express or implied consent of Rome's Recycling, Inc. at the time of the

accident. Thus, under the facts alleged by Plaintiff, Plaintiff qualifies as an "insured"

under Section B.2.c. This is the only reasonable interpretation. The Court finds no

ambiguity.

C.    <u>Plaintiff is Not Entitled to Stack the Limits of All Covered Autos Under the
Policy's Uninsured Motorist Coverage Endorsement</u>

The Uninsured Motorist Coverage Endorsement provides the following Limit

of Insurance provision, referred to by the parties as the stacking and/or anti-stacking

provision:

**D. LIMIT OF INSURANCE**

**1.** Except as provided in the following paragraph, the most we will pay
for all damages resulting from "bodily injury" and "property damage"
caused by any one "accident" is the Limit of Insurance for Uninsured
Motorists Coverage shown in the SCHEDULE on this endorsement or
in the Declarations **regardless of the number of covered "autos"**,
"insureds", premiums paid, claims made or vehicles involved in the
"accident".

However, if "bodily injury" or "property damage" is sustained in an
"accident" by an individual Named Insured or any "family member", and
there is more than one covered "auto", our Limit of Insurance for any
one "accident" is the sum of the limits for those "autos" the Named
Insured owns that are covered "autos". Subject to our maximum limit of
liability for all damages, the most we will pay for "bodily injury" or
"property damage" sustained in such "accident" by an "insured" other
than an individual Named Insured or any "family member" is the Limit
of Insurance for Uninsured Motorists Coverage shown in the Schedule
or Declarations for the covered "auto" the "insured" was "occupying" at
the time of the "accident". This is the most we will pay regardless of the
number of covered "autos", "insureds", premiums paid, claims made or
vehicles involved in the "accident".

9

**2.** The Limit of Insurance under this coverage **shall be reduced by all sums paid or payable by or for anyone who is legally responsible**, including all sums paid under this Coverage Form's Covered Autos Liability Coverage.

*Id.* at 16-17 (emphasis added).

The Schedule on the Endorsement provides a Limit of Insurance of $100,000 for each "Accident." *Id.* at 15. Pursuant to the plain Policy language above, the amount of uninsured/underinsured motorist coverage available to Plaintiff is limited to $100,000 per accident, "regardless of the number of covered 'autos.'" *Id.* at 15-16. The exception to the limitation, which allows stacking in certain circumstances, does not apply to Plaintiff. As explained above, Plaintiff is not an individual Named Insured and there is no individual Named Insured listed in the Policy. He is also not a "family member", which is defined in the Endorsement as "a person related to an **individual Named Insured** by blood, marriage or adoption, who is a resident of such Named Insured's household, including a ward or foster child." *Id.* at 17 (emphasis added). There is no individual Named Insured in the Policy.

The Limit of Liability provision states, "the most we will pay for 'bodily injury' or 'property damage' sustained in such 'accident' by an 'insured' **other than an individual Named Insured or any 'family member'** is the Limit of Insurance for Uninsured Motorists Coverage shown in the Schedule or Declarations [$100,000] for the covered 'auto' the 'insured' was 'occupying' at the time of the 'accident.'" *Id.* The Court finds no ambiguity in these provisions. Accordingly, Plaintiff is not entitled to

10

stack the limits of the other covered autos and is limited to the coverage for the covered auto he was driving at the time of the accident, which is $100,000.

In addition to the plain language of the Policy, Mississippi law further supports Defendant's Motion. "The right to stack is subject to the injured party's classification as a Class I or Class II insured." *Meyers v. Am. States Ins. Co.,* 914 So. 2d 669, 674 (Miss. 2005) (citation omitted). "Persons included in Class I consist of the 'named insured, and residents of the same household, his spouse and relatives of either, while in a motor vehicle or otherwise.'" *Id.* (citation omitted). "Persons included in Class II consist of 'any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies.'" *Id.* (citation omitted). "An employee who drives a vehicle covered under his employer's business automobile policy is not a Class I insured because the employee is not a named insured." *Alley v. N. Ins. Co.,* 926 So. 2d 906, 909 (Miss. 2006); *see also Mills ex. rel Dotson v. Axis Ins. Co.,* No. 3:21CV7TSL-RPM, 2021 WL 2660614, at *2 (S.D. Miss. Apr. 29, 2021) ("[W]here an entity, such as a corporation ..., is the sole named insured, there will be no individual entitled to Class I stacking of the UM bodily injury coverage. An entity such as a ... corporation has no spouse and no resident-relative householders who can take advantage of the Class I stacking rules.") (quoting Jeffrey Jackson and D. Jason Childress, Miss. Ins. Law & Prac. § 18:23)). Under Mississippi law, Plaintiff is a Class II insured under the Policy.

"[A] Class II insured may stack his own uninsured motorist coverage with that of the vehicle in which he was riding, **but a Class II insured does not have the**

**right to stack an employer's uninsured motorist coverage**." *Id.* (citing *Mascarella v. U.S. Fid. & Guar. Co.*, 833 So. 2d 575, 580 (Miss. 2002)) (emphasis added). "Class II insureds are not entitled to uninsured motorist benefits beyond those for which the named insured contracted regarding that covered vehicle." *Id.* As a Class II insured employee, Plaintiff may not stack Rome's Recycling LLC's uninsured and/or underinsured motorist coverage for the other three covered vehicles. Accordingly, the amount of uninsured and/or underinsured motorist coverage available to Plaintiff is limited to $100,000 per accident. Mem. Ex. 2, Policy [13-2] at 15.

D.     The Amount of Coverage Available Under the Uninsured Motorist Coverage Endorsement is Offset by Plaintiff's Settlement with the Tortfeasor

The Limit of Insurance provision, Section D.2 quoted above, provides that the "Limit of Insurance under this coverage shall be reduced by all sums paid or payable by or for anyone who is legally responsible . . . ." Mem. Ex. 2, Policy [13-2] at 17. It is undisputed that Plaintiff settled with the third-party tortfeasor, Ms. Eden, and her insurer for her full liability policy limit of $100,000. Compl. [1-1] at 2; Opp'n Mem. [14] at 1. Defendant argues that pursuant to the foregoing provision, the amount of coverage available to Plaintiff, $100,000, is "completely offset by the recovery from the tortfeasor's liability insurance." Mem. [13] at 1, 3, 4.

Plaintiff does not allege that the provision, Section D.2., is ambiguous, and implicitly concedes it applies to his settlement with Ms. Eden and her insurer. *See* Opp'n Mem. [14] at 2 ("There are 4 vehicles on the policy and thus the stacked limits are $400,000.00, **less the offset for the liability policy which is $100,000.00**.")

12

(emphasis added). Plaintiff only disputes the amount of coverage available under the Policy and whether he is entitled to stack the limits.

As stated above, the amount of uninsured and/or underinsured motorist coverage available to Plaintiff under the Uninsured Motorist Coverage Endorsement is limited to $100,000. Reducing or offsetting this amount by the "sums paid" by Ms. Eden's insurer, $100,000, as required by Section D.2., reduces the available coverage to zero. *See Wise v. United Servs. Auto. Ass'n*, 861 So. 2d 308, 319 (Miss. 2003) ("According to the language of the policy, [the insurer] is entitled to offset its UM payments by any judgments and settlements paid to the insureds. . . . The Wises have admitted that they have been paid, through settlements, an amount which exceeds their available uninsured motorist benefits; therefore, [the insurer] is no longer liable for any uninsured motorist benefits.").

For the reasons set forth above, Defendant is no longer liable to Plaintiff for any uninsured and/or underinsured benefits under the Policy. Therefore, Plaintiff's Complaint fails to state a plausible claim for relief against Defendant. Defendant's Motion to Dismiss [12] should be granted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [12] is **GRANTED** and Plaintiff's Complaint [1] is **DISMISSED WITH PREJUDICE**. The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 17th day of April, 2026.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE